ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

WILLIAM J. GULLOTTA (CTBN 423420)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    William.Gullotta@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 18-0038 JD |
| Plaintiff, ) | |
| ) | [~~PROPOSED~~] DETENTION ORDER |
| v. ) | |
| ARAMIYA ROBERT BURRELL, ) | |
| Defendant. ) | |

Defendant Aramiya Robert Burrell is charged with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). On February 9, 2018, at the initial appearance in this case, the government moved for Burrell's pretrial detention pursuant to 18 U.S.C. § 3142 and requested a hearing. On February 14, 2018, the Court held a detention hearing. The Court carefully considered the proffers of the government and defendant's counsel, the factors set forth in 18 U.S.C. § 3142(g), and the information contained in the bail study prepared by Pretrial Services, which recommends that Burrell be detained pending trial because he presents a significant danger to the community and a risk of non-compliance with Court conditions. For the reasons set forth below, as well as those stated on the record on February 14, 2018, the Court concludes that the government has met its burden of establishing by clear and convincing evidence that Burrell poses a danger to the safety of the community that cannot

reasonably be mitigated through the imposition of release conditions. Therefore, the Court orders that he be detained.

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, a court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions … [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.*

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

Here, Burrell is charged with being a felon in possession of a firearm and ammunition. The Court notes that the weight of the evidence against Burrell is strong, and the nature and circumstances of the instant offense are concerning. He is a convicted felon, and he was arrested after running from the police, who saw him throw a loaded gun and his cell phone during the foot chase. The cell phone and

[PROPOSED] DETENTION ORDER
CR 18-0038 JD

1  loaded gun were found side-by-side directly in front of the fence that Burrell jumped while running from
2  the police. Prior to the foot chase, police in a helicopter and others in patrol cars observed Burrell
3  driving erratically, including running multiple stop signs and driving on the wrong side of the street.
4  When the police approached Burrell's stopped vehicle, he ran and threw his weapon. After the foot
5  chase, officers eventually found Burrell hiding in a garbage can in someone else's yard.

6  Burrell's criminal history is serious and significant, and involves violent behavior. He has
7  multiple prior felony convictions, including at least four serious prior convictions. These serious prior
8  offenses include convictions for carjacking, burglary (twice), and robbery. He has also previously
9  violated the conditions of his parole and/or probation. The government proffered evidence that Burrell
10 is connected with the Ghost Town criminal street gang. The government also proffered evidence that
11 Burrell has run from the police before during previous arrests.

12 Burrell presented three potential co-signers at the hearing. The Court noted that each person
13 appeared to be an appropriate co-signer, given that they were presently employed and had no prior
14 criminal history. The Court also read and considered a letter provided by the defense. This letter was
15 provided to government counsel and the Court at the hearing. In the letter, the author described
16 Burrell's participation in a local program in the hopes that the Court would be persuaded that Burrell
17 had turned over a new leaf following his most recent conviction and prison sentence. However, the
18 Court noted its concern that the person described in that letter is inconsistent with the conduct engaged
19 in by Burrell before and during his arrest in this case, and that the instant offense occurred during the
20 time in which Burrell was supposedly participating in this program in a positive way. As such, the
21 proposed co-signers and the possibility that Burrell would participate in the program referenced in the
22 letter would not ensure the safety of the community.

23 In light of all of the above and the comments on the record, the Court finds that the government
24 has met its burden of establishing by clear and convincing evidence that Burrell presents a danger to the
25 community, and that no condition or combination of conditions will reasonably assure the safety of any
26 other person or the community. 18 U.S.C. § 3142(e) and (f).

27 Burrell shall remain committed to the custody of the United States Marshal. He shall be afforded
28 reasonable opportunity for private consultation with counsel. On order of a Court of the United States or

on request of an attorney for the Government, the person in charge of the corrections facility in which Burrell is confined shall deliver Burrell to a United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**IT IS SO ORDERED.**

Dated: February 23, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 18-0038 JD